UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-20062-DPG

**ROBERT J. RODRIGUEZ**

    **Plaintiff,**

v.

**JPMORGAN CHASE BANK, N.A.,**

    **Defendant,**

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint (the "Motion") [ECF No. 10]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

## BACKGROUND

On January 5, 2022, Plaintiff Robert J. Rodriguez filed this action against Defendant JPMorgan Chase Bank, N.A. (the "Complaint"). [ECF No. 1]. Plaintiff alleges that Defendant is a consumer reporting agency ("CRA") and reported derogatory and inaccurate statements and information about Plaintiff and Plaintiff's credit history to third parties. *Id.* ¶¶ 5-6. The Complaint sets forth a claim for a violation of §1681e(b) of the Fair Credit Reporting Act ("FCRA") (Count 1) and Florida common law claims for defamation, negligence, and invasion of privacy (Counts 2–4). *Id.*

Defendant now moves to dismiss the Complaint. Defendant argues that (1) Plaintiff fails to state a claim for a violation of §1681e(b) because Defendant is not a CRA; (2) even if Plaintiff were proceeding under the provisions of the FCRA for furnishers of credit information, he fails to

1

allege the requisite elements of a claim; (3) the common law claims are preempted by the FCRA; and (4) Plaintiff fails to sufficiently allege the common law claims.

## ANALYSIS

As an initial matter, the Court finds that the Complaint is a shotgun pleading. To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Additionally, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The federal pleading standards thus "require the pleader to present [her] claims discretely and succinctly, so that, [her] adversary can discern what [she] is claiming and . . . the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted . . . ." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)).

"Complaints that either violate Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as shotgun pleadings." *Id.* (internal quotation marks omitted). A district court has the obligation to identify and dismiss a shotgun pleading. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126-27 (11th Cir. 2014). The Eleventh Circuit generally considers a complaint to be a shotgun pleading if, among other pleading deficiencies, it: "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. Shotgun pleadings "fail to give the defendants adequate notice of the claims against

them and the grounds upon which each claim rests . . . [and] waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) (internal quotations and citations omitted).

Plaintiff's Complaint must be dismissed as an impermissible shotgun pleading because Plaintiff improperly incorporated all of the factual allegations into each count, without properly tying each of those factual allegations to the claims raised. *See Innova Inv. Grp., LLC v. Village of Key Biscayne*, No. 19-CIV-22540, 2020 WL 6781821, at *5 (S.D. Fla. Nov. 18, 2020) (citing Fed. R. Civ. P. 8(a). In addition, each count adopts the allegations of all preceding counts. *Weiland*, 792 F.3d at 1321. As a result of these pleading deficiencies, the Court is unable to ascertain which facts support which claims and whether Plaintiff has stated any claims upon which relief can be granted. Therefore, the Complaint shall be dismissed without prejudice as an impermissible shotgun pleading.[1]

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion of Defendant JPMorgan Chase Bank, N.A. to Dismiss Plaintiff's Complaint, [ECF No. 10], is **GRANTED**.

---

[1] Because the Court finds that the Complaint is a shotgun pleading, it does not address Defendant's additional arguments regarding the sufficiency of the allegations or preemption. However, the Court notes that Plaintiff's allegations under the FCRA appear to be deficient. Plaintiff's allegation that Defendant is a CRA conflicts with other information in the Complaint that suggest that Defendant is a furnisher of information. Moreover, Plaintiff does not allege that he disputed Defendant's reporting of accounts to any CRA or that any CRA notified Defendant of such a dispute—required elements to a FCRA claim against a furnisher of information. *See* 15 U.S.C. § 1681s-2(b).

2. The Complaint is dismissed without prejudice. Plaintiff shall file an Amended Complaint on or before December 2, 2022.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of November, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE